# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3913 | DATE | 8/7/2003 |
| CASE TITLE | Travelodge Hotels vs. PPS Development, LTD. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants plaintiff's motion for summary judgment as to Counts 3-6 but otherwise denies the motion (8-1). The Court grants plaintiff's motion to strike defendants' jury demand (7-1). Jury trial of 9/8/03 is vacated . One-day bench trial set to 9/18/03 at 10:00 a.m. Lists of witnesses and exhibits are to be filed and served by THI on 8/19/03 and by defendants on 8/29/03. Pretrial conference set to 9/4/03 at 4:00 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 2 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| OR | courtroom deputy's initials | 03 AUG 11 PM 3:25 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRAVELODGE HOTELS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02 C 3913 |
| ) | |
| PPS DEVELOPMENT, LTD.; SHAILESH ) | **DOCKETED** |
| PATEL; and HARESH SHAH. ) | |
| ) | AUG 1 2 2003 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Travelodge Hotels, Inc. has sued PPS Development, Ltd., Shailesh Patel, and Haresh Shah for breach of a license agreement dated June 14, 2000 and for violations of the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a) & (c). THI has moved for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that there are no genuinely disputed material facts and that THI is entitled to judgment as a matter of law on each of its claims. In considering the motion, the Court views the facts in the light most favorable to the defendants.

THI is a provider of hotel services and operates a nationwide hotel franchise system. The June 14, 2000 agreement licensed PPS to operate a Travelodge Hotel in Morton Grove, Illinois. Patel and Shah guarantied PPS's obligations under the agreement. After a series of inspections during 2001 in which THI documented significant deficiencies in the hotel's facilities and advised PPS of defaults in its performance under the agreement, THI terminated the agreement effective December 12, 2001 due to PPS's failure to meet THI's minimum standards. The letter of termination advised PPS that as provided by the agreement, PPS was required to "completely

deidentify the [hotel] from its appearance as a Travelodge guest lodging facility within ten days"
and was required to "discontinue the further use of the Travelodge tradename and service
marks," including the removal of all Travelodge logo items. The letter also advised PPS that due
to the premature termination, it was responsible under the agreement to pay liquidated damages
of $37,800, and that it was also responsible for "recurring fees" under the agreement of
$15,277.62 through that date and continuing to accrue. PPS did not pay these sums, and THI
contends that PPS also failed to "deidentify" the hotel as a Travelodge facility and continued to
use Travelodge logo items through at least January 2003.

Defendants do not genuinely dispute THI's contentions regarding the inspections and the
deficient condition of the hotel. They contend, however, that prior to the execution of the license
agreement, THI made promises to provide financing for renovations and improvements to the
hotel and agreed to defer inspections until renovation work could be done. They contend that
THI did not live up to these promises and that this "breach" excuses their defaults under the
agreement. The agreement specifically provided, however, that it superseded all prior
representations, agreements, and understandings, and stated that THI had made no
representations or promises on which PPS was relying to enter into the agreement. Lic. Agr. ¶¶
17.7.2, 17.7.3. For this reason, defendants cannot rely on THI's prior representations to excuse
PPS's breach.

Defendants contend, however, that upon receipt of the termination letter, they covered up
the Travelodge sign on the hotel, removed all logo items from guest rooms, and ceased holding
the hotel out as a Travelodge facility. They also contend that in January 2002, they met with
Travelodge representatives at its New Jersey offices and were advised that the termination notice

2

would be rescinded and that PPS's franchisee status would be reinstated. Defendants' materials suggest that after this meeting, PPS may have once again begun to hold the hotel out as a Travelodge facility. But defendants concede that they were advised in February 2002 that the termination notice remained in effect, and they represent that after that date they once again removed all indicia of Travelodge affiliation from the hotel and reopened it in April as the Morton Grove Inn.

Defendants do not contend in their papers that Travelodge waived PPS's pre-December 12, 2001 breach of the license agreement, and thus the alleged post-termination discussions do not warrant denial of THI's summary judgment motion with respect to its breach of contract claims. But there are genuinely disputed material facts concerning THI's Lanham Act claims, which are premised on PPS's alleged use of the Travelodge name and logo following the termination. Defendants have submitted sworn affidavits in which they state that they ceased use of the Travelodge name immediately upon receipt of the termination letter; that they were effectively given permission to resume use of the name in January 2002; and that when the alleged permission was revoked in February 2002 they again immediately ceased using the Travelodge name. Defendants contend that these allegations lack credibility, but that is a determination that can be made only after a trial. We also note that the photographs submitted by THI purporting to show Travelodge logo items in a hotel room in January 2003 are not authenticated in THI's summary judgment papers and thus cannot be relied upon at this stage in any event.

For these reasons, THI is entitled to entry of summary judgment in its favor on its claims

against PPS for liquidated damages of $37,800 (Counts 3 & 4) and recurring fees of $16,353.84[1] (Count 5), and on its claims against Patel and Shah for these same amounts pursuant to their guaranty of PPS's obligations (Count 6). We cannot discern from defendants' memorandum any genuine dispute regarding the legitimacy of the liquidated damages provision or regarding THI's calculations of the amounts of liquidated damages and recurring fees that are due. Count 2, a claim for an accounting, is not addressed in THI's papers, and thus its determination (if THI is in fact pursuing the claim) will have to await trial. Summary judgment is denied as to Count 1, the Lanham Act claim. However, the Court finds pursuant to Fed. R. Civ. P. 56(d) that THI has established that it has protectible marks and that, assuming defendants are proven to have used those marks without authorization, their use of the marks falsely designated the origin of their goods and services and created a likelihood of confusion regarding the origin of those goods and services. Trial on the Lanham Act claim will thus be limited to the issues surrounding whether defendants in fact used the Travelodge name and logo without authority following the termination, and the question of damages.

THI has also moved to strike the defendants' jury demand. The license agreement between PPS and THI included a provision in bold faced type stating that "[t]he parties waive the right to a jury trial in any action related to this Agreement or the relationship between the licensor, the licensees, any guarantor, and their respective successors and assigns." Lic. Agr. ¶ 17.6.4. In their guaranty, Patel and Shah specifically acknowledged that the "Waiver of Jury

---

[1] It is likely that this amount has increased somewhat since the submission of THI's motion, as the recurring fees continue to accrue. THI is directed to provide, at the time of trial on the Lanham Act claims, a brief submission updating the amount of recurring fees through September 18, 2003.

4

Trial [in Section 17 of the Agreement] applies to this Guaranty." These provisions are sufficiently specific, clear, and unambiguous to establish a knowing waiver of defendants' right to a jury trial, and the waiver plainly applies to the Lanham Act claims, which involve an "action related to ... the relationship between the licensor, the licensees, [and] any guarantor." THI's motion to strike the jury demand is therefore granted.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for summary judgment as to Counts 3-6 but otherwise denies the motion [docket #8-1]. The Court grants plaintiff's motion to strike defendants' jury demand [docket #7-1]. Trial is currently set for September 8, 2003. On the Court's motion, that date is reset to Thursday, September 18, 2003 at 10:00 a.m. Because the trial will be a bench trial limited to relatively narrow issues, the Court does not anticipate that it will take more than one day. Lists of witnesses and exhibits are to be filed and served by THI on August 19, 2003 and by defendants on August 29, 2003. The case is set for a final pretrial conference on September 4, 2003 at 4:00 p.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 7, 2003